IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MIGUEL LOZANO,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, FSL JESUP,<br><br>    Respondent. | CIVIL ACTION NO.: 2:24-cv-79 |

## REPORT AND RECOMMENDATION

Petitioner Miguel Lozano ("Lozano"), who is currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Lozano filed a Response. Docs. 6, 9. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Lozano's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Lozano *in forma pauperis* status on appeal.

## BACKGROUND

Lozano was convicted in the Southern District of Alabama of conspiracy to distribute cocaine onboard a vessel, in violation of 46 U.S.C. § 70506(b). Lozano was sentenced to 70 months' imprisonment. Doc. 6-1 at 6. Lozano has a statutory release date of February 11, 2026, via good conduct release, and a home detention eligibility date of August 11, 2025. Id. Lozano also has a five-year term of supervised release. Id.

In his Petition, Lozano asserts the Bureau of Prisons ("BOP") has not properly credited his sentence under the First Step Act ("FSA") and, if the BOP properly credited his sentence, he would have been released to Immigration and Customs Enforcement's ("ICE") custody on February 11, 2025.  Doc. 1 at 2.  Lozano contends he does have an ICE detainer against him but should not have a final order of removal because a judge has not issued that order.  According to Lozano, if the final order of removal were deleted from his record, he would have at least a year's worth of FSA credits applied against his sentence.  Id. at 3.

Respondent states this Court should dismiss Lozano's Petition because he cannot challenge the BOP's determinations made under the Administrative Procedures Act, does not have a liberty interest in FSA credits, and has a final order of deportation.  Doc. 6.

## DISCUSSION

### I. Lozano Has No Liberty Interest in Earned Time Credits Under the FSA

Respondent argues that Lozano has no constitutional or inherent right in being released before the completion of his valid sentence.  Id. at 2.  Respondent also asserts the FSA provides discretion to the BOP Director to transfer a prisoner to supervised release up to 12 months earlier than the expiration of his sentence based on application of credits and, because of this discretion, Lozano does not have a liberty interest in his earned time credits.  Id. at 3.  What is more, Respondent states, Lozano has a final order of deportation in place, rendering him ineligible to redeem his FSA time credits under 18 U.S.C. § 3632(d)(4)(E)(i).  Id. at 7.

Lozano responds that he is a deportable alien who is eligible and willing to be placed in a halfway house.  Doc. 9 at 2.  Lozano relies on Woodley v. Warden, USP Leavenworth, No. 24-3053, 2024 WL 2260904 (D. Kan. May 15, 2024), for the notion he has a liberty interest in placement in a halfway house under the FSA.  Id. at 2–3.  In addition, Lozano contends he has

not appeared before an immigration judge, so ICE's order of removal should not prevent him from earning FSA credits. Id. at 3.

"In order to establish a violation of the Due Process Clause, a petitioner must have been deprived of a liberty or property interest protected under the Fifth Amendment." Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000) (citing Am. Mfrs. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999)). "A prisoner has 'no constitutional or inherent right' in being released before the completion of a valid sentence." Id. (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). "More particularly, if the relevant statute 'places no substantive limitations on official discretion' in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated." Id. (quoting Olim v. Wakinekona, 461 U.S. 238, 249 (1983); and then citing Conlogue v. Shinbaum, 949 F.2d 378, 380 (11th Cir. 1991) (concluding no liberty interest arose from possibility of discretionary grant of incentive good time)); see also Barrion v. Dugger, No. 6:20-cv-41, 2022 WL 1548190, at *7 (S.D. Ga. Apr. 22, 2022) (finding prisoner "has no liberty interest in early release"), adopted by 2022 WL 1538753 (S.D. Ga. May 16, 2022).[1]

---

[1] Other courts have found inmates have no constitutional right "to earn or receive sentencing credits." Herrera v. Rardin, No. 4:24-CV-11492, 2024 WL 5059149, at *3 (E.D. Mich. Dec. 10, 2024) (citing Moore v. Hofbauer, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001); and in turn citing Hansard v. Barrett, 980 F.2d 1059, 1062 (6th Cir. 1992)). "Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits." Id. (citing Sotherland v. Myers, 41 F. App'x 752, 753 (6th Cir. 2002)). "Courts that 'have considered the issue have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act.'" Id. (quoting Fontanez v. Rardin, No. 2:23-CV-12415, 2024 WL 1776338, at *3 (E.D. Mich. Apr. 24, 2024)); see also White v. Warden, No. CV-22-2371, 2023 WL 4867562, at *10 (D. Md. July 31, 2023) (concluding prisoner "did not have a liberty interest in the opportunity to earn" FSA time credits); Fiorito v. Fikes, No. 22-CV-0749, 2022 WL 16699472, at *6 (D. Minn. Nov. 3, 2022) ("[T]he loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest . . . ."); Gant v. King, No. 23-CV-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) ("[P]risoners do not have a protected liberty interest in the application of FSA time credits."); Mars v. Heisner, No. CV-22-01933, 2023 WL 4977335, at *7 (D. Ariz. June 26, 2023) (concluding a petitioner does not "have a constitutional right to 'apply' his FSA [credits] in a specific manner, such as demanding that he be granted prerelease custody or home confinement"), report and recommendation adopted, 2023 WL

3

> Under the relevant statute, 18 U.S.C. § 3624(g)(3):
>
> If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632.

Here, Lozano has a five-year term of supervised release. Doc. 6-1 at 6. There is nothing before the Court indicating the BOP Director's discretion on earlier release is limited. Thus, Lozano does not have any liberty interest in receiving his FSA credits, and any due process claim Lozano makes is without merit. See Cheng v. United States, 725 F. Supp. 3d 432, 440 (S.D.N.Y. 2024) (agreeing with other courts that the petitioner could not demonstrate an entitlement to a protected liberty interest absent "a legitimate expectation to the application of FSA time credits[]" where the petitioner is subject to final order of removal).

Lozano appears to rely solely on the Due Process Clause of the United States Constitution as a basis for claiming he has a right to release or transfer to a halfway house under the FSA. However, to the extent Lozano argues he entitled to relief under the text of the FSA, that argument fails. The FSA plainly states a federal prisoner is "ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). It is undisputed Lozano is subject to a final order of removal.[2] Doc. 6-1 at 9. Therefore, Lozano is ineligible to have any

---

4960411 (D. Ariz. Aug. 3, 2023); Bloom v. Fed. Bureau of Prisons, No. 19-21589, 2022 WL 341200, at *2 (D.N.J. Feb. 4, 2022) ("[P]risoners have no constitutionally protected liberty interest in an opportunity to earn additional good time or similar credits").

[2]   Lozano contends the BOP and ICE are "conspir[ing] together to place an invalid final order of deportation" on him. Doc. 9 at 2. In other words, Lozano challenges the legitimacy of the final order of deportation. This is not the correct place for such a challenge. If Lozano wishes to challenge the final order of removal, he should raise that challenge in the immigration adjudication process, not this Court. The Court offers no opinion about Lozano's chances of success on any challenge to the final removal order.

earned time credits under the FSA applied against his sentence.  See Fernandez v. Warden, FCI Ft. Dix, Civil Action No. 24-9014, 2024 WL 4542198, at *1 (D.N.J. Oct. 21, 2024) (dismissing claim of improper denial of FSA credits based on "the clear statutory language—if an alien receives a final order of removal[,] he may not apply any credits earned under the [FSA] toward[] early release.").  Additionally, Lozano's reliance on Woodley, 2024 WL 2260904, is misplaced.  The court in Woodley did not conclude the petitioner had any liberty interest under the FSA and there is no indication the petitioner in Woodley was subject to a final order of deportation, as Lozano is.  Ultimately, Woodley is not controlling authority and is factually distinguishable.

As a result, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Lozano's Petition.  It is unnecessary to address the remaining portions of Respondent's Motion to Dismiss.[3]

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Lozano leave to appeal *in forma pauperis*.  Though Lozano has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is

---

[3] Respondent also moves for dismissal based on this Court's lack of jurisdiction under the Administrative Procedures Act and judicial deference for the BOP's interpretation of the law.  Doc. 6 at 4–7.  While the Court has adopted this approach on previous occasions, the United States Supreme Court's decision in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), has eliminated the highly deferential approach.  See Diaz-Arellano v. U.S. Att'y Gen., 120 F.4th 722, 725 (11th Cir. 2024) (recognizing the overruling of the "Chevron[, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984)], deference regime."); see also Jackson v. Doerer, Case No. 5:24-01353, 2024 WL 4719489, at *5 (C.D. Cal. Nov. 7, 2024) (applying Loper in the context of earned time credits under the FSA and deciding whether the BOP's interpretation of certain phrases is correct).  If the Court adopts my recommendation and concludes Petitioner has no due process right in his claimed FSA credits, it need not address Respondent's jurisdiction and deference arguments.  Nonetheless, I note the change in law described in this footnote, as it likely undermines Respondent's arguments.

5

filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" <u>Moore v. Bargstedt</u>, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Lozano's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Lozano's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Lozano *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 25th day of February, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA